FILED
 2013 Aug-09  PM 02:32
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SHELIA DIANNE FULLER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**WAL-MART STORES, INC., et al,** )<br>)<br>**Defendants.** )<br>) | **Case No.: 4:13-CV-444-VEH** |

## MEMORANDUM OPINION AND ORDER

This is an age discrimination action filed by the plaintiff, Shelia Dianne Fuller, against the defendants, Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., and Wal-Mart Stores East, L.P. (collectively "Wal-Mart"). (Doc. 1.)  The complaint alleges disparate treatment and disparate impact age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). Both claims arise out of the plaintiff's employment with Wal-Mart.

On June 28, 2013, this court entered an order noting that "the defendant has requested that 'the pleadings be amended to reflect the only proper Defendant, Wal-Mart Stores East, LP as neither Wal-Mart Associates, Inc. nor Wal-Mart Stores []East Inc. employed [p]laintiff.'" (Doc. 18 at 16) (quoting doc. 10 at 1, n. 1).  The court

ordered the plaintiff to show cause why the motion should not be granted. (Doc. 18 at 16). The plaintiff filed a response to that order on July 5, 2013, attaching documents outside the pleadings for the court's consideration. (Doc. 20). The court allowed the defendants to reply and they did so on July 15, 2013. (Doc. 21). Their response also included a document outside of the pleadings for the court to consider. (Doc. 21-1).

In the defendants' reply they argue that only Wal-Mart Stores East, LP employed the plaintiff and only that entity, and not the other defendants, could possibly be liable. In other words, the request is really a motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss for failure to state a claim upon which relief may be granted. "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Rule 12(d) also requires that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The defendants submit the declaration of Geoffrey W. Edwards, a Senior Associate General Counsel for Wal-Mart Stores, Inc. (Doc. 21-1). In that declaration he states that only Wal-Mart Stores East, LP "exercised control and directed the operations and the [employees] of [the plaintiff's store]." (Doc. 21-1 at 2). Without

commenting on the evidence submitted by the plaintiff, it is unclear as to whether, with the discovery deadline still months away, the plaintiff has had a reasonable opportunity to discover evidence, if it exists, to rebut Edwards's statement. Under the circumstances, the court will exclude the matters outside the pleadings and treat this request as only a motion to dismiss.

The complaint alleges that, beginning in October of 2010, the plaintiff was employed by all of the defendants as an Assistant Manager at its Attalla, Alabama location. (Doc. 1 at 4). At this stage of the litigation that is sufficient.

The defendants' request is **DENIED**.

**DONE** and **ORDERED** this 9th day of August, 2013.

                                                 **VIRGINIA EMERSON HOPKINS**
                                                 United States District Judge